IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| THOMAS B. CHEEKS, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-37 |
| v. | |
| THE STATE OF GEORGIA BUREAU OF INVESTIGATIONS, | |
| Defendant. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1] Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Further, I **DENY** Plaintiff's request to appoint counsel.

---

[1] Plaintiff filed a "Statement of Claim" and an "Amended Statement of Claim." Docs. 7, 14. In these statements, Plaintiff restates allegations in his Complaint and makes arguments about how Defendant violated Plaintiff's constitutional rights. Plaintiff also submitted other various letters and notices to the Court. See Docs. 8, 13, 15, 16, 17, 18. I have considered all of Plaintiff's filings in preparing this Order and Report and Recommendation.

## PLAINTIFF'S CLAIMS[2]

Plaintiff alleges a Georgia Bureau of Investigation ("GBI") investigator took a recording and an oral statement from Plaintiff about what Plaintiff experienced prior to a riot that occurred at Plaintiff's place of incarceration.  Doc. 1 at 4–5.  Plaintiff alleges the investigator, or the GBI more broadly, misused Plaintiff's statement, but Plaintiff does not make clear exactly what Defendant did with Plaintiff's statement.  Plaintiff states the investigator falsified Plaintiff's statement "in writing" without Plaintiff's consent.  Id. at 4.  Plaintiff explains he did not provide any names in his statement.  Id. at 4.  Plaintiff states, "The investigator had to have gotten his names from staff or other interviews."  Id. at 5.  Plaintiff alleges was beaten by a group of gang members on February 25, 2023, resulting in serious injuries.  Id. at 6.  While not expressly stated, it appears Plaintiff implies he was attacked because of statements that were contained in the falsified statement.  Plaintiff seeks monetary damages and clemency.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

---

[2]   All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

(1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

**I.      Failure to State a Claim**

Plaintiff fails to state a cognizable claim against the GBI because the GBI is a state agency not subject to suit under § 1983. In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Presnell v. Paulding County, 454 F. App'x 763, 766–67 (11th Cir. 2011) (holding the district court correctly dismissed § 1983 claims against the GBI

3

because the State of Georgia has not waived sovereign immunity from suit in federal court).  The GBI is not a "person" subject to suit under § 1983 because it is a state agency.

Plaintiff fails to state a claim against any particular GBI investigator because he fails to allege any act resulting in a constitutional violation.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff has not alleged any GBI investigator participated in the events forming the basis of Plaintiff's claims.  Plaintiff does not allege any act taken by a GBI investigator resulted in a constitutional violation.  Similarly, Plaintiff fails to allege any facts supporting a claim against the GBI as an entity, regardless of whether such a claim would even be cognizable.

Ultimately, Plaintiff's allegations are conclusory at best and are not enough to sustain a constitutional claim.  Because Plaintiff fails to state any cognizable claim under § 1983, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims.[3]

## II.     Request to Appoint Counsel

Plaintiff attached a request for appointed counsel to his Complaint.  Doc. 1 at 5.  In this civil case, Plaintiff has no constitutional right to the appointment of counsel.  Wright v.

---

[3]     Although I recommend dismissal of Plaintiff's Complaint for failure to state a claim, I also find Plaintiff failed to fully disclose his litigation history, which would provide an alternative basis for dismissal.  The Complaint form asks Plaintiff directly, "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?"  Doc. 1 at 10–11.  Plaintiff responded, "No."  Id. at 10.  However, Plaintiff's litigation history reveals he brought another lawsuit relating to his conditions of confinement prior to filing this case: Cheeks v. Franklin Cnty. Det. Ctr., No. 3:12-cv-133 (M.D. Ga. Nov. 20, 2012) (complaining about medical mistreatment during pretrial detention).

Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Id. (citing Bass, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).  The Eleventh Circuit Court of Appeals has explained "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help."  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

       The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel.  "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances."  Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015) (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015)); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. The Court understands Plaintiff's concerns about his ability to pursue this action but notes Plaintiff has not demonstrated his concerns affect his ability to litigate this action. Thus, I **DENY** Plaintiff's request to appoint counsel.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore, 203 F. App'x at 323 (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

6

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Further, I **DENY** Plaintiff's request to appoint counsel.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA